# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHY LEE JONES,

    Plaintiff,

        v.

INVESTMENT RETRIEVERS, LLC, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1714

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court are the defendants' motions seeking dismissal of the plaintiff's complaint under Rule 12(b)(6) on the grounds that the complaint is time-barred and seeks relief that is unavailable under the Fair Debt Collection Practices Act. (Docs. 3, 7.) The motions will be granted in part and denied in part. The plaintiff will also be ordered to submit briefing on whether her allegations are sufficient to withstand dismissal under *Twombly* and *Iqbal*.

### I. Background

Cathy Lee Jones brought this action against Investment Retrievers, LLC and Louis Swartz, invidually and on behalf of Swartz, Lovejoy & Associates, LLP. The complaint alleges that the defendants violated the Fair Debt Collection Practices Act (FDCPA).

The complaint, which was filed on August 16, 2010, alleges that on September 18, 2006, defendant Swartz filed a complaint in the Luzerne County Court of Common Pleas seeking a judgment against Jones in the amount of $13,219.10, plus interest, fees, and costs.

Jones' complaint further alleges that, in filing the Luzerne County action, Swartz did

not attach to his complaint documentation "detailing the purchases, payments, interest, and late charges, if any," on the account on which the plaintiff allegedly owed money. Jones claims that this lack of documentation made it impossible for Jones to determine whether she actually owed the debt or whether it was correctly calculated. Additionally, Jones claims that Swartz sought attorney's fees without providing "a signed agreement wherein she obligated herself to the payment of attorney's fees in connection with the collection of a debt."

Indeed, Jones alleges that the only information Swartz attached to the complaint filed in the Luzerne County action was a verification signed by an employee of Investment Retrievers, the alleged debt buyer; an unsigned bill of sale purporting to be an assignment from the original creditor to Investment Retrievers; and an unsigned cardmember agreement.

Jones alleges that since the filing of the civil complaint, she has asked the defendants for a copy of the original signed credit agreement, but has not received it. Moreover, Jones has not received documentation supporting a proper chain of assignment, despite requesting this information.

The nub of Jones's claim is that the defendants have tried to meet their burden of proof for a judgment through seeking to have Jones acknowledge, through interrogatories and requests for production, that she owes the debt. The complaint alleges that "between September 18, 2006, and September 8, 2009" the defendants failed to provide proof of debt and sought to obtain proof of the debt through litigation. The complaint alleged that ultimately, the defendants obtained a judgment against Jones in excess of $30,000—which is well over the amount of the alleged debt—without producing proof that Investment Retrievers was the real party in interest, that Jones ever signed a contract opening an

2

account, or that she made the alleged purchases, defaulted, and owed the amount claimed. The complaint further alleges that even after Jones retained counsel, the defendants have failed to produce a copy of the agreement between her and the original creditor or other documentation of their claim.

The defendants move to dismiss on two grounds. First, they claim that the statute of limitations bars this action and that the limitations defense is visible on the face of the complaint. Second, it is urged that the FDCPA provides a total of $1,000 in statutory damages per *action*, while the complaint seeks $1000 in statutory damages for each *violation*.

## II. Discussion

### A. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

**B. The Statute of Limitations**

The defendants argue that the statute of limitations precludes the plaintiff's claims. A complaint fails to state a claim upon which relief can be granted if it is apparent on the face of the complaint that the claim falls outside the limitations period. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

Under 15 U.S.C. § 1692k(d), an action to enforce liability under the FDCPA may be

filed "within one year from the date on which the violation occurs."

The defendants urge that because all post-filing activity relates back to the original 2006 filing, the plaintiff's claims are necessarily time-barred. They argue that the "settled law" of this jurisdiction is that "for specific conduct during the course of litigation to be separately actionable under the FDCPA, a plaintiff must allege that the conduct is a violation of the FDCPA independent of the act of bringing suit." They claim that the plaintiff must allege conduct falling within the limitations period that violated the FDCPA, "other than their ongoing pursuit of litigation against Plaintiff to recover on account of an unpaid debt, which conduct relates back to the filing of the underlying action in September 2006."

It is true that the plaintiff must allege conduct falling within the limitations period where no continuing violation is plead. When FDCPA claims are predicated upon improperly bringing debt collection litigation, the one-year limitations period begins to run—at latest—when the debtor is served with process. *See Schaffhauser v. Citibank*, 340 F. App'x 128, 130–131 (3d Cir. 2009) (noting a circuit split on whether limitations period runs at filing of the complaint or service, and declining to decide). Thus, the limitations period has long passed for any claims premised upon improper filing of the 2006 complaint. The conduct alleged in paragraphs 18–25 occurred at or before the time the Luzerne County complaint was filed, and is thus well outside the statute of limitations. Therefore, no claim can arise from any FDCPA violations occurring in connection with the filing of the Luzerne County lawsuit.

However, actions occurring *within* the limitations period are not necessarily off-limits under the FDCPA just because the actions fall within the scope of a lawsuit which was filed *outside* the limitations period. Conduct which independently violates the FDCPA is

5

actionable if it falls within the limitations period, even if undertaken in pursuit of litigation that was filed outside the limitations period. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (noting that the FDCPA "applies to the litigating activities of lawyers").

To emphasize, this conduct must *independently* violate the FDCPA. "New communications" about "old claims" do *not* constitute independent violations of the FDCPA when the new communications do not independently violate the FDCPA. *See Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000). "The course of debt-collection litigation, without more, is not a 'continuing violation' of the FDCPA." *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-cv-480-D, 2010 WL 3200015, at *3 (E.D.N.C. 2010) (citing *Schaffhauser v. Citibank*, 340 F. App'x 128, 131 (3d Cir. 2009) (per curiam) (unpublished)); *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 341 (D.N.J. 2009) (collecting cases); *Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007).

Here, the plaintiff disclaims any continuing violation theory. Instead, she points to several acts which she asserts independently violated the FDCPA within the one-year limitations period.  She alleges that the defendants failed to provide her with documents supporting alleged entitlement to payment, failed to provide her attorney with documents upon request, indicated that they did not have supporting documentation verifying the debt, and obtained a judgment $17,000 over the amount alleged to be owed.

The defendants respond by arguing that these are not proper allegations of FDCPA violations because the failure to provide documents relates back to the filing of the original 2006 Luzerne County action, and the claim is thus time-barred. They further argue that no "judgment" was obtained—instead, they claim that the "judgment" was merely an arbitration

award. Both arguments fail.

As to the failure to provide documents, it is not clear on the face of the complaint that any possible violation of the FDCPA would relate back to the filing of the lawsuit; *i.e.*, that these were simply new communications about old claims. Thus, dismissal on the basis of the statute of limitations is inappropriate, and will be denied.

As to the excess "judgment," the defendants urge that because there was no judgment, but merely an arbitration award from which the plaintiff appealed *de novo*, there can be no FDCPA violation. They concede that "[a] judgment has finality and post-judgment collection activity could conceivably give rise to an FDCPA claim." (Def. Repl. Br., Doc. 14 at 4 ("However, in the context of an arbitration award and its subsequent de novo appeal, the purported FDCPA claims asserted by Plaintiff should be properly viewed for what they are - discovery in the underlying debt collection action.")); (Def. Repl. Br., Doc. 14 at 4; *see* Doc. 12 at 6 ("[T]his supposed 'judgment' was in fact merely an arbitration award from which she appealed *de novo*."))

Whether the defendants obtained a judgment or an arbitration award is a distinction without a difference.  The Court assumes the defendants' point to be that an arbitration award is not "collection," and that therefore arbitration is exempt from the FDCPA's provisions forbidding "[t]he *collection* of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *See* 15 U.S.C. § 1692f (emphasis added). The word "collection," as used in this subsection, encompasses attempted, as well as completed, collection. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 n.4 (3d Cir. 2011). The mere fact that the arbitration award was not a final

7

judgment—and therefore a *collection*—does not change the result, because the award was in the pursuit of collecting a debt. If the defendants attempted to collect an amount beyond that owed, they violated the FDCPA.[1]

Complete dismissal of the complaint on statute of limitations grounds is inappropriate at this point. To the extent that the complaint attempts to hinge liability on action taking place at or before the time of filing; *e.g.*, the alleged actions in paragraphs 18–25, it will be dismissed.

**C. However, the Conduct Alleged Does Not Appear To State a Claim**

Although complete dismissal on grounds of the statute of limitations will be denied because the complaint is not entirely time-barred on its face, the Court is concerned that the alleged conduct which does not clearly fall outside the limitations period (*e.g.*, the conduct alleged I paragraphs 26–42 of the complaint) does not appear to violate the FDCPA. When judged by the pleading standards called for by Rule 8 of the Federal Rules of Civil Procedure, as articulated by the Supreme Court in *Twombly* and *Iqbal*, the complaint appears deficient. Although they have hinted at it, the parties have not squarely raised the inadequacy of the allegations. Nevertheless, the Court on its "own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 at 409 (3d ed. 2004). "Dismissals under Rule 12(b)(6) are generally made upon the motion of the defendant, although the court may order dismissal

---

[1] As noted below, the Court is of the opinion that the plaintiff has not alleged sufficient facts from which the Court could infer that the defendants *did* attempt to collect an excess amount. Dismissal may be warranted on these grounds raised by the Cour, but not on the basis of a judgment/arbitration award distinction.

on its own motion if process has been issued and served and plaintiff is given notice and an opportunity to respond." 2A James

Wm. Moore, *Moore's Federal Practice* ¶ 12,07 [2-5] at 12-99 (2d ed. 1995). Accordingly, the Court will explain why the complaint's factual allegations are anemic, and provide the plaintiff with the opportunity to respond.

### (1) Liability under the FDCPA

Defendants may be liable under the FDCPA when they have failed to comply with one of its provisions. 15 U.S.C. § 1692k(a). Here, the facts alleged in the complaint are insufficient to show that the plaintiff is entitled to relief as required by Rule 8. The plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," that is, a claim allowing the court to draw the reasonable inference that the defendants violated the FDCPA. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556. 570 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Here, the alleged facts suggest the mere possibility of misconduct. Below, the Court considers each act the plaintiff points to in her briefing.

### (a) Obtaining an Excess Judgment

The plaintiff alleges that the defendants obtained a judgment nearly $17,000 in excess of the amount alleged to be owed. The plaintiff claims that this act violates § 1692e(10), which forbids "[t]he use of any false representation or deceptive means" in collecting debt or obtaining consumer information, and § 1692f(1), which forbids the

9

collection of any amount not permitted by law or expressly authorized by the agreement.

The plaintiff has failed to allege any facts that allow the Court to reasonably infer that these sections were violated. Simply obtaining a judgment or arbitration award—even an excess one—does not lead to a reasonable inference that deceptive means were used. Absent are any allegations that this amount (the Court notes that the Luzerne County complaint sought attorney fees in addition to the amount owed) was neither authorized by the agreement nor permitted by law. Moreover, the fact that such an amount was awarded by a court or arbitrator does not mean that the defendants collected, or attempted to collect, an excess amount.

**(b) Failing to Provide Documents to Plaintiff's Counsel**

The plaintiff also claims that, within the limitations period, the defendants failed to provide documents substantiating their entitlement to the amounts sought. The plaintiff asserts that this violates 15 U.S.C. § 1692d, prohibiting abusive conduct in connection with debt collection; § 1692e(2), forbidding falsely representing the amount of any debt; and § 1692f, forbidding the collection of an amount unauthorized by the agreement or law.

Mere failure to provide documents the defendants do not possess, in itself, does not constitute harassment or abusive conduct. *See* § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.") Mere failure to provide documentation of a debt, in itself, does not violate the FDCPA. Although § 1692g requires a debt collector to cease collection or verify a debt if it receives a consumer's written notice disputing the debt, here the complaint fails to show that this section was violated. The plaintiff does not suggest that she timely disputed the debt in writing within thirty days of receiving an initial communication (indeed, such a claim would almost certainly be time-barred). The right to have a debt

verified before collection efforts can continue is waived if written notification is not sent within the thirty-day period. *See Sentfle v. Landau*, 390 F. Supp. 2d 463, 475 (D.Md. 2005).

Simply failing to provide documents does not constitute a violation of the FDCPA. The plaintiff alleges no facts allowing the inference that the defendants falsely represented the amount of the debt, and this inference cannot be reasonably drawn from the mere failure to attach the original agreement to the complaint. The plaintiff does not even allege that the defendants possess these documents and refuse to disclose them. Instead, the gist of the plaintiff's claim seems to be that the defendants are unable to produce the original agreement. These facts do not appear to state a claim under the FDCPA.

**(c) Discovery Requests**

Finally, the plaintiff claims that the defendants "demanded [she] respond to discovery requests to establish her liability for the debt when Defendant[s] had no proof [she] even owed this alleged debt." The plaintiff asserts doing so violated 15 U.S.C. § 1692d, prohibiting abusive conduct in connection with debt collection; § 1692e(2), forbidding falsely representing the amount of any debt; and § 1692f, forbidding the collection of an amount unauthorized by the agreement or law.

However, no facts are alleged that suggest any abusive conduct (a request for admission is not oppressive), false representations, or that the amount the defendants sought to collect was not in fact authorized by the agreement or permitted by law.

**(2) Responsive Briefing is Requested**

In short, the remaining allegations appear to fail to state a claim. The plaintiff may respond with briefing. The plaintiff may also request leave to amend under Federal Rule of Civil Procedure 15. If the plaintiff chooses to do so, she should submit a proposed amended complaint in compliance with Local Rule 15.1 so the Court can determine whether

amendment would be futile.  The amended complaint should be complete in itself and allege enough facts so that the Court, accepting the factual allegations as true, can reasonably infer that the defendants are liable.  The plaintiff's response will be due fourteen days from the date of this Order.

The defendants may oppose the plaintiff's briefing or request for leave to amend, and the plaintiff may reply, in accordance with Local Rules 7.6 and 7.7.  The plaintiff is further notified that if she fails to respond, the Court may *sua sponte* dismiss the complaint for failure to state a claim and mark the matter closed.

**D. The FDCPA Limits Statutory Damages to $1,000**

Defendant Investment Retrievers moves to dismiss to the extent that the plaintiff seeks more than $1,000 in statutory damages. The complaint's prayer for relief seeks "[s]tatutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A)." Investment Retrievers argues that damages under the FDCPA are capped for the plaintiff at $1,000 total per filed action (regardless of the number of defendants) and *not* per violation. The plaintiff argues that damages of $1000 are available for each violation and against each defendant. The Court is convinced that the correct limit lies in the middle: the plaintiff is limited to $1,000 per defendant per filed action, for a total of $2,000 in the present action.

Section 1692k(a) permits the Court to award damages for violations of the FDCPA even where no actual damages are shown.  It provides that "any debt collector" who violates the FDCPA with respect to a person is liable to that person.  The amount of liability is "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000 . . . ."

The clear language of this provision requires that a maximum of $1,000 may be

12

awarded against any debt collector in an action. In other words, statutory damages are capped at $1,000 against a debt collector in each action; there is no per-violation amount—although the number of violations may certainly weigh as a factor when the court decides how much in statutory damages to permit. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647 , 650–52 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation."); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

However, the statute provides that "any debt collector" is liable for statutory damages up to $1,000. This language suggests that statutory damages of up to $1,000 are available against *each* defendant. Although at least one court has held that a total of $1,000 is available against all defendants, *see Dowling v. Kucker Kraus & Bruh, LLP*, No. 99-cv-11958, 2005 WL 1337442, at *3 n.3 (S.D.N.Y. June 6, 2005), other courts have found that the language of the statute permits up to $1,000 per collector, *see Ganske v. Checkrite, Ltd.*, No. 96-cv-0541, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997); *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196–197 (N.D.N.Y. 2008) ("[I]n the case of multiple defendants, each may be liable for additional damages of up to $1,000."). This Court finds the latter position more persuasive, and is convinced that the statutory language providing that "any debt collector . . . is liable to such person in an amount" of up to $1,000, imposes liability separately on each defendant. Thus, in this case the maximum statutory damages that the plaintiff can recover is $2,000.

### III. Conclusion

For the reasons explained above, the complaint withstands complete dismissal on the basis of the statute of limitations, although the plaintiff will be precluded from asserting claims based on the actions occurring more than one year before the present action was

filed, including any claims arising from the filing of the 2006 Luzerne County action. The plaintiff will be further limited to seeking a maximum of $2,000 in statutory damages. Thus, to the extent that the plaintiff's claims are premised on actions occurring outside the limitations period, and to the extent that the plaintiff seeks statutory damages in an amount greater than $1,000 per defendant, the motions to dismiss will be granted.

The plaintiff will be further directed to provide briefing responding to the Court's concerns about the inadequacy of the complaint's allegations that are not time-barred. The plaintiff may also seek leave to amend her complaint in accordance with the Court's opinion.

An appropriate order follows.


April 25, 2011              /s/ A. Richard Caputo
Date                        A. Richard Caputo
                            United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY LEE JONES, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1714 |
| v. | (JUDGE CAPUTO) |
| INVESTMENT RETRIEVERS, LLC, et al., | |
| Defendants. | |

## **ORDER**

**NOW**, this 25th day of April, 2011, **IT IS HEREBY ORDERED** that the defendants' motions to dismiss (Docs. 3, 7) are **GRANTED IN PART** and **DENIED IN PART**. To the extent that the plaintiff's claims are premised on acts occurring more than one year (those alleged in paragraphs 18–25 of the complaint) before the filing of her complaint, they are **DISMISSED**. To the extent that the plaintiff seeks more than $1,000 in statutory damages from each defendant, her complaint is **DISMISSED**. In all other respects, the motions to dismiss are **DENIED**. The plaintiff is **ORDERED** to submit briefing responding to the Court's concerns about the complaint's deficiencies with respect to its factual allegations. The plaintiff may also seek leave to amend. The plaintiff's briefing or motion seeking leave to amend must be in accordance with the Court's opinion, and is due fourteen (14) days from the date of this order. Failure to do so may result in the Court's dismissal of the complaint and closing of the case.

                                                            /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge