# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY LEE JONES, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1714 |
| v. | |
| INVESTMENT RETRIEVERS, LLC, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiff's motion seeking leave to file an amended complaint. (Doc. 16.) Because the proposed amended complaint states a claim upon which relief may be granted, the motion will be granted.

## I. BACKGROUND

Cathy Lee Jones brought this action against Investment Retrievers, LLC and Louis Swartz, invidually and on behalf of Swartz, Lovejoy & Associates, LLP, alleging that the defendants violated the Fair Debt Collection Practices Act (FDCPA). The defendants moved to dismiss, and the Court granted the motions in part on April 25, 2011. The Court further noted its concern that the plaintiff did not properly allege conduct violating the FDCPA and requested briefing on the issue or the filing of a motion seeking leave to amend. The plaintiff moves for leave to amend her complaint (Doc. 16), and the defendants oppose the motion, arguing that the proposed amended complaint does not state a claim against them and thus amendment would be futile. The Court disagrees, and leave to amend will be granted.

## II. DISCUSSION

**A. Legal Standard**

The court may deny leave to amend where amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

> "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, the court analyzes the complaint using the same standard used on a motion to dismiss under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in

2

a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

**B. Amendment Will Be Permitted**

At the very least, the proposed amended complaint states a claim for relief under the FDCPA as to the obtaining of an excess award. The plaintiff alleges "upon information and belief" that the defendants falsely represented that the plaintiff agreed to pay attorney fees. The defendants argue that "information and belief" is inadequate under Rule 12(b)(6). (See Def. Br. In Opp., Doc. 18 at 4, Doc. 19 at 5.) However, a defendant notes that the plaintiff was not present at the arbitration. (Doc. 19 at 6 ("It is equally undisputed that Plaintiff elected not to appear or advance any defense at arbitration.")) The plaintiff has alleged that she does not owe the debt, that the arbitrator awarded an amount higher than the disputed debt, and that "upon information and belief" the defendants falsely represented that she agreed to pay attorney's fees. This would state a claim under the FDCPA, specifically 15 U.S.C. § 1692e(2), which prohibits a debt collector from falsely representing "the character, amount, or legal status" of any debt. The fact that the allegation is made "upon information and belief" does not render it inadequate. *See Arista Records, LLC v. Doe 3* (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions . . . does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant.") Because the plaintiff was not present at the arbitration, the statements made are "peculiarly within" the knowledge of the defendant.

At this stage, the Court does not pass on whether the remaining factual allegations

3

state separate claims for relief under the FDCPA. The Court simply holds that amendment is not entirely futile because the amended complaint states a claim for relief under the FDCPA with respect to the allegedly false statements made at the arbitration hearing. The plaintiff will be granted leave to amend.

### III. CONCLUSION

The motion seeking leave to amend the complaint will be granted. An appropriate order follows.

| | |
|---|---|
| July 25, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHY LEE JONES,

    Plaintiff,

    v.

INVESTMENT RETRIEVERS, LLC, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1714

(JUDGE CAPUTO)

## ORDER

**NOW**, this 25th day of July, 2011, **IT IS HEREBY ORDERED** that:

(1)    The plaintiff's motion for leave to amend her complaint (Doc.16) is **GRANTED**.

(2)    The Clerk of Court is directed to detach the Amended Complaint (Doc. 16) attached to Plaintiffs' Motion and file it of record forthwith. The Amended Complaint shall be deemed to have been served on the date of this Order for the purpose of determining the time for response under Fed. R. Civ. P. 15(a).

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge