THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY LEE JONES | : |
|         Plaintiff | : |
| v. | :   3:10-CV-1714 |
| | :   (JUDGE MARIANI) |
| INVESTMENT RETRIEVERS, LLC<br>LOUIS SWARTZ | : |
|         Defendants | : |

## MEMORANDUM OPINION

### I. Introduction

Before the Court are Defendants' Motions for Judgment on the Pleadings. (Docs. 29, 31). For the reasons that follow, the Court will grant them in part and deny them in part.

### II. Background

Defendants filed a debt collection action against Plaintiff in the Luzerne County Court of Common Pleas on September 18, 2006 for an alleged unpaid credit card balance of $13,219.10 plus interest at 24% owed to Defendant Investment Retrievers, LLC ("IR"). (Doc. 1, Ex. A). At the time, Plaintiff was *pro se* and represented herself in the underlying litigation. The case went to non-binding arbitration in December 2009, but Plaintiff notified Defendants she would not attend because she had recently been diagnosed with Stage III breast cancer and was scheduled for surgery in December, which was around the time the arbitration hearing was scheduled. (Doc. 28, Ex. E). At the hearing, Defendants obtained a judgment of $31,065.10 against her (Doc. 28, Ex. F), and upon obtaining counsel, Plaintiff

appealed the arbitrator's decision to the Luzerne County Court of Common Pleas on January 14, 2010. (Doc. 35, at 6).

In Plaintiff's original Complaint filed on August 16, 2010 (Doc. 1), she alleged Defendants filed suit in state court against her in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, when they: (1) refused to produce the original credit card application, signed cardholder agreement, or a proper chain of assignment for the credit card account from Chase to Investment Retrievers ("IR"),[1] (2) exposed her to harassing requests for admission during discovery, and (3) obtained an arbitration award $17,000 over what Defendants originally alleged she owed.

Each Defendant moved to dismiss (Docs. 4, 7), and Judge Caputo granted both motions in part and denied both in part. (Doc. 15). He ruled that any allegations in the Complaint that arose before August 16, 2009 (¶¶ 18-25) were beyond the pale of the statute of limitations and therefore time-barred. Any conduct that constituted an *independent* violation of the FDCPA and occurred within the year before Plaintiff filed her Complaint was timely. (*Id.* at 5-6). However, he expressed doubts that the remainder of the Complaint (¶¶ 26-42) raised any claims upon which relief could be granted. Judge Caputo identified three claims, which Plaintiff alleged violated the FDCPA, specifically 15 U.S.C. §§ 1692d (harassment or abuse), 1692e (false or misleading representations), and 1692f (unfair practices).

---

[1] The Complaint came with an unsigned Cardholder Agreement, a bill of sale from the original creditor, Chase Bank USA, N.A., to Defendant IR signed only by IR, and a Verified Statement of Account signed by an IR employee.

2

As to the first allegation, Judge Caputo stated that "[s]imply failing to provide documents does not constitute a violation of the FDCPA." (Doc. 15 at 11). Plaintiff had neither alleged that Defendants possessed the documents but refused to produce them nor that Defendants falsely represented the amount of the debt. Next, Judge Caputo said, "a request for admission is not oppressive." (*Id.*). He also stated that Plaintiff did not allege that she timely disputed she owed the debt in writing within thirty days of Defendants' first communication with her in 2006[2] (and even if she did, any alleged violation would be time-barred). (*Id.* at 10-11). Finally, Judge Caputo found that in the absence of any allegations that there was no authorization by agreement or by law, "[s]imply obtaining a judgment or arbitration award – even an excess one – does not lead to a reasonable inference that deceptive means were used." (*Id.* at 10).

In light of these conclusions, Judge Caputo ordered responsive briefing, or in the alternative, a motion to amend the complaint. Plaintiff moved to amend her complaint (Doc. 16), and after full briefing, Judge Caputo found that her Amended Complaint sufficiently pled a claim that Defendants engaged in deceptive practices in obtaining the arbitration award (Doc. 20). Judge Caputo did not address the other claims in the Amended Complaint because Plaintiff had sufficiently pled at least one claim for the case to proceed. Each Defendant then filed an Answer (Docs. 23, 28) before filing a Motion for Judgment on the Pleadings (Docs. 29, 31).

---

[2] Judge Caputo cited to *Sentfle v. Landau*, 390 F. Supp. 2d 463, 475 (D. Md. 2005) for the proposition that for Defendants' conduct to violate 1692g, Plaintiff must have responded in writing within thirty days of Defendants' first attempt to collect the debt.

## III. Analysis

### A. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). In resolving a motion to dismiss under 12(c), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

### B. Failure to Produce Documents

Plaintiff avers that within the year before filing the original Complaint (Aug. 16, 2010), Defendants were unable to produce the signed credit card application between her and the original creditor, Chase Bank (Doc. 21, ¶¶ 22, 37). Defendants have admitted they do not possess a signed copy of the application between Chase and Plaintiff. (Letter from Swartz, Apr. 5, 2010, Doc. 21, Ex. A). Plaintiff also alleges that Defendants did not produce a "proper chain of assignment for the alleged account from the original creditor to Defendant IR" showing she owed a debt to IR. (*Id.* at ¶ 23). However, sometime in 2010, Defendants produced the contract of assignment between Chase and IR. (Letter from Swartz, May 27, 2010, Doc. 21, Ex. B; Account Purchase Agreement, Doc. 28, Ex. D). Though Defendants

did attach a Cardholder Agreement to the state court complaint, it was unsigned. The parties have disputed the significance of this fact since the state court case's inception.

Plaintiff cites to *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340 (Pa. Super. Ct. 2003) and PA. R. CIV. P. 1019(i) in support of her allegation that the failure to produce documents is an independent violation of the FDCPA. In *Atlantic*, the debtor argued that the creditor had failed to "attach to the complaint any writing evidencing any contract between GM Card and [defendants] . . . despite the averment of [plaintiff] that it had purchased the contractual rights of GM Card." *Id.* at 344. The relevant state rule of procedure says if a:

> claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

PA. R. CIV. P. 1019(i). The Superior Court found that the creditor's complaint fell far short of the standard in 1019(i) and held "the preliminary objection of [defendants] based on failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, establishes a meritorious defense" in vacating the default judgment and remanding the case. *Id.* at 345. In this case, Defendants attached an unsigned cardholder agreement, a verification of the account signed by the custodian of records of Defendant IR, and a contract of assignment signed by IR, but not by Chase.

A more recent Superior Court case (of which the parties did not have the benefit when briefing the issue) discusses the issue of whether these documents must be signed.

5

In *Discover Bank v. Stucka*, 33 A.3d 82 (Pa. Super. Ct. 2011), the debtors filed preliminary objections stating that Discover had not attached a signed application or an original cardholder agreement (Discover had attached a "generic" cardholder agreement and numerous statements of account). *Id.* at 85. The trial court agreed and dismissed the Bank's complaint with prejudice for failure to file either the original signed card application or a signed cardholder agreement in compliance with Rule 1019(i). *Id.* On appeal, the Superior Court held that it did "not find persuasive the Stuckas' argument that the Bank was required to attach a signed document. Neither Rule 1019 or *Atlantic Credit* set forth such a requirement." *Id.* at 87. What Discover Bank had attached to the complaint (statements of account and a generic unsigned cardholder agreement) was sufficient to put the defendants on notice of Discover's claim against them to prepare to counter with their own evidence.

With that said, it is clear from these two cases and the text of 1019(i) that these pleading requirements apply to the *filing of the complaint*. In the present case, the underlying debt collection complaint was filed in 2006 well outside of the FDCPA's one-year statute of limitations. Therefore, Plaintiff would have to show that these alleged failures to produce documents were violations of the FDCPA, independent of any violation of state law. This, she cannot do.

The Court will not address the issue of whether there was a violation of state law because that issue is beyond the statute of limitations (and one on which the Luzerne County Court of Common Pleas will rule). Because Plaintiff cannot establish an

independent violation of state law after August 16, 2009, the Court will grant Defendants' motion on this claim.

### C. Harassing Discovery Requests

Plaintiff also alleges that Defendants improperly used the discovery process to harass her. (Doc. 21 at ¶¶ 24, 40). She "considers Defendants' discovery requests to be highly invasive, abusive, and harassing as she does not owe this debt and has repeatedly disputed owing it; yet Defendant has requested she provide it with information regarding a debt she does not owe." (*Id.* at ¶ 25; *see also* ¶ 41). Plaintiff may sincerely consider Defendants' requests to be "highly invasive," but this is still an insufficiently pled claim. It is a conclusory statement/opinion and does not present any factual statements of how Defendants' conduct violated the FDCPA. Therefore, the Court will grant Defendants' Motion for Judgment on the Pleadings on this claim, as well.

### D. Deception Used to Obtain Arbitration Award

Judge Caputo ruled that Plaintiff sufficiently pled that Defendants engaged in deceptive practices at the arbitration hearing to obtain an award in excess of that allegedly owed. Yet, Defendants ask the Court to revisit the issue because even though the Amended Complaint could survive a Rule 12(b)(6) motion, it may not necessarily survive a Rule 12(c) motion because of the evidence the parties have submitted as attachments.

Defendants argue that Plaintiff's allegations regarding any deception at the arbitration hearing are meritless because she consciously chose not to attend and therefore

had no personal knowledge of what occurred at the proceedings. In his order granting leave to amend, Judge Caputo said that the "fact that the allegation [that Defendants deceived the arbitration panel into awarding a higher judgment than warranted] is made 'upon information and belief' does not render it inadequate." (Doc. 20, at 3). Citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), Judge Caputo said that "[b]ecause the plaintiff was not present at the arbitration, the statements made are 'peculiarly within' the knowledge of the defendant." (*Id.*). The Court will not disturb this ruling, especially in light of Plaintiff's notice to Defendants of her serious health issues at the time of the hearing, which would constitute good cause for not attending it.

Defendants further allege that the Cardmember Agreement includes a provision for attorney's fees in the event the cardholder defaults on payment. (Doc. 1, Ex. A). This Agreement was attached to the Complaint in state court and was before the panel of arbitrators at the hearing Plaintiff elected not to attend. However, there is no evidence of when and whether Plaintiff saw it because it is neither signed nor dated. Plaintiff alleges that she never authorized any agreement which provided for attorney's fees in the event a collection action ensued. Defendants say that once Plaintiff used her credit card for the first time, the agreement came into force. Though Plaintiff's payments on the account and letter can be considered evidence that some sort of contract to pay a debt existed (Doc. 28, Exs. A, B), the terms of that contract are not entirely clear. Accepting all of Plaintiff's statements

as true for the purposes of determining these motions, the Court cannot grant Defendants' Motion at this time.

Thus, because it is unclear whether Plaintiff ever agreed to these terms or what transpired at the arbitration hearing, the Court will deny without prejudice Defendants' Motion for Judgment on the Pleadings on this claim. Defendants are free to raise this issue again on a motion for summary judgment upon conclusion of discovery.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims of failure to produce documents and harassing discovery requests. The Court will deny Defendants' Motions as to Plaintiff's claim that they engaged in deceptive/fraudulent practices to obtain an award at the arbitration hearing. A separate Order follows.

Robert D. Mariani
United States District Judge